Case 4:07-cv-00025-A   Document 17   Filed 05/14/07   Page 1 of 4   PageID 130

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 14 2007

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TRACEY SUBLET,                §
                              §
         Plaintiff,           §
                              §
VS.                           §   NO. 4:07-CV-025-A
                              §
TYLER STAFFING SERVICES, INC.,§
ET AL.,                       §
                              §
         Defendants.          §

MEMORANDUM OPINION
and
ORDER

Pending before the court is the motion of plaintiff, Tracey Sublet, to remand the above-captioned action to the state court from whence it came. Having considered the motion, the response, the reply, and the applicable legal authorities, the court concludes that the motion to remand should be denied.

I.

Background

Plaintiff initiated this suit in state court against his former employer, Tyler Staffing Services, Inc. ("Tyler"), and supervisor, Ida Buttarazzi, improperly named as Edith Buttarazzi, ("Buttarazzi"),[1] (collectively, "defendants"). Tyler is a citizen of Georgia. Buttarazzi and plaintiff are both Texas citizens. Thus, without Buttarazzi, the parties are completely diverse. Defendants have removed this case here, alleging that Buttarazzi has been improperly joined and that, without her as a

---

[1] According to Buttarazzi, her first name is Ida, not Edith. See Defs.' Resp. to Pl.'s Mot. to Remand at 1, n.1.

party, diversity jurisdiction exists.[2] The court agrees with both of these contentions.

## II.

### Analysis

Buttarazzi has been improperly joined if there is no reasonable basis for the court to predict that the plaintiff might be able to recover against her. See <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005).[3] A mere theoretical possibility of recovery will not preclude a finding of improper joinder. <u>Id.</u> at 573 n.9.

Plaintiff's only claim against Buttarazzi is for intentional infliction of emotional distress ("IIED") under Texas law. In contrast, against Tyler, he alleges claims for discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA"), which is codified in the Texas Labor Code. See Tex. Lab. Code §§ 21.001-.556.

Under applicable Texas law, IIED is a "gap-filler" tort. See <u>Hoffman-La Roche Inc. v. Zeltwanger</u>, 144 S.W.3d 438, 447 (Tex. 2004). That means that a claim for IIED cannot be successfully asserted if "the gravamen of a plaintiff's complaint is the type of wrong [a] statutory remedy was meant to cover . . . ." <u>Id.</u> at 448. Defendants urge, and the court agrees, that the factual underpinnings of plaintiff's IIED claim against

---

[2] No one disputes that the requisite amount in controversy is met.

[3] A defendant can also establish improper joinder by showing actual fraud in the pleading of jurisdictional facts. <u>Smallwood</u>, 385 F.3d at 573. Because no allegation of actual fraud is made here, the court's focus is on whether plaintiff has a reasonable possibility of recovery against Buttarazzi.

Buttarazzi are the same as those underlying his statutory discrimination and retaliation claims against Tyler. Thus, because plaintiff has statutory remedies under TCHRA, there is no "gap" to fill and plaintiff's IIED claim against Buttarazzi is untenable as a matter of law.[4]

Plaintiff, however, protests that his IIED claim is still good, because it is entirely premised on different and independent facts than those upon which his claims for discrimination and retaliation are based. The facts seem the same to the court. But, even assuming the facts were different, there is still no reasonable basis to predict that plaintiff will be able to recover against Buttarazzi for IIED. See Smallwood, 385 F.3d at 573. Even in those rare circumstances where there is a gap to fill, an IIED claim is almost impossible to make out. It requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Creditwatch, Inc. V. Jackson, 157 S.W.3d 814, 817-18 (Tex. 2005) (internal quotations omitted). Indeed, "except in circumstances bordering on serious criminal acts , . . . such acts will rarely have merit as intentional infliction claims."

---

[4] The court appreciates defendants informing it of Dixon v. State Farm Mut. Auto. Ins. Cos., 433 F. Supp.2d 785, 788-790 (N.D. Tex. 2006), in which another court in this district held that, under Texas law, an independent claim for IIED against a supervisor, as opposed to an employer, was still viable in the face of overlapping facts to statutory claims under TCHRA. Respectfully, however, in reaching this conclusion, the Dixon court failed to discuss, or even mention, a 2005 opinion of the Texas Supreme Court expressly holding that a plaintiff's IIED claim against a supervisor was barred in this context. See Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005). From the absence of meaningful briefing on this point, plaintiff appears to concede that this is the current status of Texas law on this issue.

<u>Id.</u> at 818.  Moreover, as a general rule, IIED claims do not extend to employment disputes.  <u>Id.</u> at 817.  Against this backdrop, and in the context of an employment dispute to boot, plaintiff alleges the following in support of his IIED claim:

> Defendant, Edith Buttarazzi acted intentionally and/or recklessly by consistently berating and intimidating Plaintiff.  Also, Defendant, Edith Buttarazzi subjected Plaintiff to demeaning behavior while engaging in a campaign to destroy Plaintiff's reputation within the company, by, among other things, attributing misconduct to Plaintiff.

Pl.'s Original Pet. at 8, ¶ 15.  Given the exacting requirements of IIED, the court is confident that plaintiff would be unable to recover against Buttarazzi on this claim as a matter of law.

III.

Conclusion

For the reasons stated above, plaintiff's motion to remand should be denied.  Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff in the above-captioned action against Buttarazzi be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of said claims.

SIGNED May 14, 2007.

JOHN McBRYDE
United States District Judge