

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TRACY SUBLET, §
 §
 Plaintiff, §
 §
VS. § NO. 4:07-CV-025-A
 §
TYLER STAFFING SERVICES, §
INC., ET AL., §
 Defendants. §

MEMORANDUM OPINION
and
ORDER

On November 28, 2007, defendant Tyler Staffing Services, Inc., d/b/a Chase Staffing Services ("defendant"), moved for summary judgment on all claims asserted against it by plaintiff, Tracy Sublet, in this suit.[1] Having considered the motion, the summary judgment evidence, and the applicable legal authorities, the court concludes that the motion should be granted in part and denied in part as stated below.

I.

Background

On November 8, 2006, plaintiff filed her original petition

---

[1] The court notes that Tyler Staffing Services, Inc., d/b/a Chase Staffing Services, is the only remaining defendant in the above-captioned action as defendant Edith Buttarazzi was dismissed in an order signed by the court May 14, 2007.

in state court and on January 9, 2007, defendant removed the instant action to this court. In the petition, plaintiff asserts a claim for intentional infliction of emotional distress[2], and claims for race discrimination and retaliation in violation of Texas Commission on Human Rights Act ("TCHRA"). Tex. Lab. Code Ann. §§ 21.001 - 21.306.

II.

The Motion for Summary Judgment

Defendant maintains that the summary judgment record contains no genuine issue of material fact as to plaintiff's claims of race discrimination and retaliation. Specifically, defendant contends that (1) plaintiff cannot establish a prima-facie case of race discrimination or retaliation (2) regardless, defendant had a legitimate, non-discriminatory reason for discharging plaintiff, and (3) plaintiff cannot establish such reason was actually pretext for discrimination or retaliation.

---

[2] The court notes that plaintiff's intentional infliction of emotional distress ("IIED") claim was asserted only against defendant Edith Buttarazzi. See Pl.'s Pet. 3. Thus, because Buttarazzi has been dismissed as a party to the above-captioned action, plaintiff no longer asserts a claim for IIED.

2

III.

Facts

A. Relevant Undisputed Facts

Ida Buttarazzi ("Buttarazzi"), defendant's Area Manager, hired plaintiff in September of 2005 as a recruiter in defendant's Fort Worth office. Plaintiff's direct supervisor was Rhonda Erwin ("Erwin") a senior recruiter. Buttarazzi oversaw the entire Fort Worth office. During the time plaintiff was employed by defendant, he complained several times to Erwin that defendant was discriminating against African-American employees. Specifically, plaintiff complained that defendant's clients were giving favorable treatment to Hispanic employees, including not hiring African-Americans in permanent positions as often as Hispanics, and that the bank located next to defendant's Fort Worth office was unhappy with defendant's clientele, presumably defendant's African American employees.

In October of 2005 plaintiff placed Broderick Perry ("Perry"), a temporary employee, in an assignment at one of defendant's clients. At the time, Perry was ineligible for placement with any of defendant's clients. Defendant considered plaintiff's placement of Perry, an ineligible employee, a serious violation of defendant's policy and procedures and gave plaintiff

a final, written warning for the violation. At the time defendant gave the warning, plaintiff understood that another violation would lead to termination.

On January 4, 2006, plaintiff assigned three employees to Fresh Express, one of defendant's new clients. Fresh Express required that all potential employees pass a drug screen and it did not accept employees who had certain felonies or misdemeanors on their criminal backgrounds. All three of the employees that plaintiff assigned to the job were ineligible to work at Fresh Express.

Also on January 4, 2006, defendant discovered that plaintiff, during the previous week, had placed an employee with a client knowing that the employee had two pending drug charges. Plaintiff does not remember whether he informed Erwin about the drug charges. On January 5, 2006, Buttarazzi terminated plaintiff "for the repeated violation of [defendant's] policy and procedures". App. Def.'s Mot. 40 ¶ 9.

B. Disputed Facts

Parties dispute whether Perry, or any of the three employees who plaintiff assigned to Fresh Express, were marked as "DNU/DNA" (Do Not Use/Do Not Assign) in defendant's computer system. Plaintiff also disputes whether Fresh Express called Buttarazzi

on or about January 4, 2006, to complain that two of the employees plaintiff had assigned showed up to work despite having criminal backgrounds.

IV.

## Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on

mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

To evaluate claims of race discrimination and retaliation in violation of TCHRA, the court looks to the evidentiary burden-shifting framework of McDonnell Douglas Corp. v. Greene, 411 U.S. 792 (1973); see M.D. Anderson Hosp. v. Willrich, 28 S.W.3d 22, 24 (Tex. 2000)(stating that "Texas courts [look] to federal law in interpreting the TCHRA's provisions").[3] This framework, in turn,

---

[3] In Pineda v. United Parcel Services, Inc., 360 F.3d 483 (5th Cir. 2004) the Fifth Circuit stated that "[t]he purpose [of] TCHRA is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964. Id. at 487 (citing Quatum Chem. Copr. V. Toennies, 47 S.W.3d 473, 476 (Tex. 2001)(stating that "analogous federal statutes and the cases

6

requires plaintiff first to make out a prima facie case. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

If plaintiff makes out a prima-facie case, a presumption of discrimination arises and the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its actions. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999). If defendant meets this burden, the presumption in favor of plaintiff disappears, and plaintiff must then offer evidence sufficient to create a genuine issue of material fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative)." Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005)(internal quotation marks and citations omitted). "If the plaintiff demonstrates the protected characteristic was a motivating factor in the employment decision (meets the mixed-motive showing) . . . it then falls to the defendant to prove that the same adverse employment decision

---

interpreting them guide" the reading of TCHRA)).

would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails." Id. (internal quotation marks and citation omitted).

A. Plaintiff's Race Discrimination Fails

Section 21.051 of TCHRA says that "[a]n employer commits an unlawful employment practice if because of race, . . . the employer . . . discharges an individual."

To establish a prima facie case of discriminatory termination based on race, a plaintiff must show that (1) he is a member of a protected group; (2) that he was qualified for the position he formerly held; (3) that he was terminated; and (4) in a claim alleging disparate treatment, that similarly situated individuals outside of his protected class were treated more favorably. Okoye v. University of Texas Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001).

Defendant does not dispute that plaintiff has satisfied the first three elements of a prima facie case, specifically that plaintiff: (1) is a member of a protected class, (2) was qualified for the recruiter position, and (3) was terminated from the position. See Okoye, 245 F.3d at 512-13. However, defendant maintains, and the court agrees, that plaintiff has not adduced evidence in support of the fourth element, namely, that similarly

situated individuals outside of his protected class were treated more favorably.[4]  See id.  Specifically, plaintiff has failed to show that he was given disparate treatment when compared to other recruiters who committed similar violations of defendant's policies and procedures.  Plaintiff has adduced no evidence that similarly situated individuals were treated more favorably.  In fact, the only allegation plaintiff makes related to similarly situated employees is that other recruiters had different responsibilities in conducting background checks.  The fact that other recruiters were given more responsibility than plaintiff in conducting background checks does not show that defendant treated plaintiff less favorably than similarly situated employees for purposes of meeting the fourth element.  In order for plaintiff to show disparate treatment, he would need to adduce evidence that defendant, in terminating plaintiff for violations of its policies and procedures, was treating him differently than other employees involved in similar violations.  Because plaintiff fails to adduce such evidence, he cannot make out a prima facie case and defendant is entitled to summary judgment on his claim for race discrimination.

---

[4] The court notes that plaintiff does not argue that he was replaced by someone outside his protected class.

B.  **Plaintiff's Retaliation Claim Fails**

Section 21.055 of TCHRA says that "[a]n employer . . . commits an unlawful employment practice if the employer . . . retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing."[5] To establish a prima facie case of retaliation under TCHRA[6], plaintiff must show that: (1) he is engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the adverse action and the protected activity. Pineda v. United Parcel Serv., Inc., 360 F.3d 483, 487 (5th Cir. 2004). Defendant disputes that plaintiff has met the first or third element of a prima facie case of retaliation.

First, defendant maintains that plaintiff cannot show that

---

[5] Although plaintiff, in his response to the motion for summary judgment, characterizes his claim for retaliation as one brought under Title VII, 42 U.S.C. § 1981, his complaint alleges that defendant retaliated against him in violation of section 21.055 of TCHRA. Thus, because plaintiff has not amended his complaint to allege a Title VII claim for retaliation, plaintiff's claim remains under TCHRA.

[6] The Fifth Circuit said in Pineda v. United Parcel Service, Inc., 360 F.3d 483 (5th Cir. 2004) that "Texas courts have articulated the same elements for establishing a prima facie case of retaliation [under TCHRA] as federal courts." Id. at 487 n.2 (citing Wal-Mart Stores, Inc. v. Lane, 31 S.W.3d 282, 295 (Tex.App.-Corpus Christi 2000)).

he engaged in protected activity because he never communicated his complaints to Buttarazzi, the final decision maker in the adverse employment action. Plaintiff argues that because he complained to his direct supervisor, Erwin, the fact that he never complained directly to Buttarazzi does not negate his claim for retaliation. Assuming plaintiff engaged in protected activity in complaining to Erwin, defendant contends that plaintiff has not adduced any evidence of a causal link between the protected activity and the termination decision because Buttarazzi had no knowledge of his complaints.

In Chaney v. New Orleans Public Facility Managament, Inc., 179 F.3d 164 (5th Cir. 1999) the Fifth Circuit stated that "[i]f an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." Id. at 168. Further, the Fifth Circuit's opinion in Sherrod v. American Airlines, Inc., 132 F.3d 1112 (5th Cir. 1998) is instructive:

> In order to establish the causal link between the protected conduct and the illegal employment action as required by the prima facie case, the evidence must show that the employer's decision to terminate was based in part on knowledge of the employee's protected activity. A causal link can be established by evidence that the ultimate decision maker, with final authority

11

> to hire and fire subordinate employees, merely "rubber
> stamped" a recommendation to terminate made by an
> employee with knowledge of the complaint. The causal
> link, however, can be severed if there is evidence that
> the ultimate decision maker did not merely "rubber
> stamp" the recommendation of the employee with
> knowledge of the protected activity, but conducted an
> independent investigation into the circumstances
> surrounding the employee's termination.

Id. at 1122 (citations omitted).

Here, plaintiff concedes that he did not complain directly to Buttarazzi. However, he appears to assert that Buttarazzi had some knowledge of his complaints to Erwin and he argues that her decision to terminate him was based, at least in part, on such complaints. The court concludes that plaintiff has adduced no summary judgment evidence that Buttarazzi knew of the complaints he made to Erwin, let alone that her decision to terminate him was based, even in part, on those complaints. The summary judgment record reflects that Buttarazzi did not "rubber stamp" a decision by Erwin to terminate plaintiff. See id.. In fact, the record shows that Erwin had little or nothing to do with the decision to terminate plaintiff and that Buttarazzi made the termination decision based on plaintiff's violations of defendant's policies and procedures. Therefore, plaintiff has failed to adduce a prima facie case of retaliation.

C.  <u>Regardless of any Prima Facie Showing, Plaintiff's Claims Cannot Survive Summary Judgment</u>

The court notes that even if plaintiff had established a prima facie case of race discrimination or retaliation, defendant asserted a legitimate, non-discriminatory reason for terminating plaintiff, namely, that defendant believed he violated its policies and procedures on several occasions. <u>See</u> <u>Keelan</u>, 407 F.3d at 341. Further, plaintiff failed to adduce any evidence that defendant's proffered reason was pre-textual or that discrimination or retaliation played any part in defendant's employment decision. <u>See</u> <u>id</u>.; <u>Lawrence v. University of Texas Med. Branch</u>, 163 F.3d 309, 311 (5th Cir. 1999)(stating that "a subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief" (internal quotation marks omitted)). Therefore, plaintiff's claims cannot survive summary judgment for this further reason.

VI.

<u>Order</u>

For the reasons discussed above, the court concludes that defendant's motion for summary judgment should be granted. Therefore,

The court ORDERS that all claims and causes of action

13

asserted by plaintiff against defendant, be, and are hereby, dismissed with prejudice.

SIGNED December 19, 2007.

_____
JOHN McBRYDE
United States District Judge